**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 94-30083

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

THOMAS S. WALDRON,

Defendant-Appellant.

Appeal from the United States District Court
For the Middle District of Louisiana

July 21, 1997

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, DUHÉ, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

PROCEDURAL HISTORY

Two years ago, this court affirmed Waldron's convictions on six counts of making false statements to a federally insured bank in violation of 18 U.S.C. § 1014. *United States v. Waldron*, 53 F.3d 60 (5th Cir. 1995)[1]. The Supreme Court granted Waldron's

_____

[1]We do not withdraw the original opinion rendered in this case. That opinion, after discussing issues not before the court on remand, found simply that "Waldron's remaining claims have no merit." *Waldron*, 53 F.3d at 684. Because we conclude on remand that Waldron's *Gaudin* claim has no merit, we will not disturb the

1

Petition for Writ of Certiorari, vacated the judgment, and remanded for reconsideration in light of *United States v. Gaudin*, 115 S. Ct. 2310 (1995). *Waldron v. United States*, 116 S. Ct. 333 (1995). *Gaudin* held that, because materiality of a false statement alleged in a 18 U.S.C. § 1001 prosecution (making false statements in a matter within the jurisdiction of a federal agency) is an element of the crime, it must be submitted to the jury, rather than decided by the court.

This court then granted a motion to hold *Waldron* in abeyance after the Supreme Court granted certiorari in *United States v. Wells*, 117 S. Ct. 921 (1997). On February 26, 1997, the Supreme Court decided *Wells*, holding that materiality is not an element of § 1014. The parties then rebriefed the *Gaudin* and *Wells* issues. We now affirm Waldron's convictions.

JURY INSTRUCTION ON MATERIALITY

Waldron contends that he is entitled to a new trial because the district court's materiality instruction created an irrebuttable presumption regarding proof of the mental element of the crimes for which he was being tried.

The District Court instructed the jury:

> As to the fourth element that must be proved beyond a reasonable doubt in this case. As to these courts I should say counts 3 through 9 [sic], you are instructed that a material statement is one that is capable of influencing a financial institution in determining whether or not to make a certain loan.
> Now, this question of material statement is not a question for you to decide. I have decided that question and you are hereby instructed that the statements alleged

original opinion.

to be false contained in counts 3 through 10 are all material statements.

Now, while I have found, under the law, that each of the statements was material, that is capable of influencing Sun Belt in acting on the loan applications, you must decide whether the defendant knowingly caused false statements to be made for the purpose of influencing the bank on an application for a loan.

This statute, the false statement statute, prohibits the making of false statements to federally insured banks for the purpose of influencing the actions of the bank. False statements given to insured banks have the potential to mislead auditors of the bank and examiners of the Home Loan Bank Board. Consequently the Government need not show that officials of the bank actually relied upon any false statement or that officials of the Bank were actually influenced by false statements.

The essence of the offense charged in counts 3 through 10 is the making of a statement with intent to influence the lending institution.

Waldron's counsel objected to the materiality instruction:

I think I was talking about the materiality instruction. I object to your honor instructing the jury that the statements are material. It is simply not a matter for them to consider and I don't think this should have been instructed at all. I do feel that an instruction like that is prejudicial to the defense and is unnecessary.

The Supreme Court has held that the Due Process Clause protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *Sandstrom v. Montana*, 422 U.S. 510, 520, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). That case differentiated between permissive inferences, which do not violate a defendant's due process rights, and conclusive presumptions or burden shifting presumptions, which do. Waldron contends that the district court's instruction established as a matter of law a fact which was essential to and intertwined with the intent element of the charged offense, thus creating an irrebuttable conclusion regarding a fact

3

which proved the "purpose of influencing" state of mind required for conviction. Waldron argues, in the alternative, that the instruction shifted the burden of persuasion to him on the element of intent.

The government contends that the instruction, viewed as a whole, simply defined a material statement as one capable of influencing a financial institution. The jury was not told that it had to find intent, but was allowed to infer intent from the existence of materiality. The jury was explicitly told it had to independently decide whether Waldron made the statements "for the purpose of influencing the bank."

Because Waldron did not posit a due process objection to the district court's instruction, which instruction was an accurate articulation of the controlling Fifth Circuit law at the time it was given, we employ the plain error standard of review. *United States v. Blocker*, 104 F.3d 720, 735 (5th Cir. 1997). Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *Id.* If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Assuming that the first three factors are met in this case, we decline to exercise our discretion to correct the error, because we do not find that the fairness,

4

integrity or public reputation of the judicial proceedings were compromised by the jury instruction given. *See United States v. Nash*, 1997 WL 345977, F.3d (9th Cir. 1997)(holding that the district court's instruction that the statements allegedly made in violation of § 1014 were material as a matter of law did not take an element away from the jury and was therefore harmless). The instructions given in this case were clear concerning the presumption of Waldron's innocence and the jury's duty to determine mens rea. Our decision is further buttressed by the jury's decision to acquit Waldron on two § 1014 counts. We cannot conclude, based on the record in this case, that Waldron's due process rights were violated because the jury instructions did not create a conclusive presumption or shift the government's burden of proof on the element of intent to the defendant.

We therefore affirm Waldron's convictions.

AFFIRM.